■ In the Matter of JEFFREY HARP, Petitioner, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [717 NYS2d 108] —Determination of Police Commissioner Safir dated July 21, 1998, dismissing petitioner from the New York City Police Department after a disciplinary hearing at which he was found guilty of making false or misleading statements at an internal investigation interview, unanimously modified, on the facts, to vacate the penalty of dismissal, the matter remanded to respondent for imposition of a lesser penalty and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Phyllis Gangel-Jacob, J.], entered on or about February 19, 1999), otherwise disposed of by confirming the remainder of the determination, without costs.

Substantial evidence supports the determination that

petitioner made false or misleading statements at his March 13, 1997 Official Interview (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 181). However, we conclude that the penalty of dismissal was disproportionate.

Although the penalty to be imposed is a matter of discretion to be exercised by the administrative agency upon a determination based on substantial evidence, this discretion is not completely unfettered (*see, Kostika v Cuomo*, 41 NY2d 673, 676). Where a penalty shocks one's sense of fairness, for instance, "if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct * * * of the individual, or to the harm or risk of harm to the agency or institution," it may be vacated (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 234).

We do not condone the making of false or misleading statements. However, dismissal and the forfeiture of pension rights simply constitute a shockingly excessive sanction here. While, under certain circumstances, making false statements is certainly sufficient to warrant dismissal (*see, e.g., Matter of Lowe.v Bratton*, 245 AD2d 207, *lv denied* 91 NY2d 811; *Matter of Spiratos v Safir*, 249 AD2d 240), this is not such a case. In *Matter of Lowe v Bratton* and *Matter of Spiratos v Safir* (*supra*), the false statements were made to cover up egregious or criminal conduct on the part of those petitioners. In contrast, the false statements given by petitioner here were of relatively minor significance. He was found to have falsely stated, in the context of an investigation of a fellow employee's alleged personal use of a Police Department computer program, that he had had no contact with this fellow employee after learning that she was the subject of an internal investigation, when, in fact, telephone records could be construed as indicating that he had spoken with her.

Particularly in view of petitioner's record of 15 years of excellent service with no prior disciplinary record, and the "Exceeds Standards" rating standard he was given, we find the penalty to be excessive. We therefore remand for consideration of a less drastic penalty. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.